UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20052-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

ROGER BERGMAN,

    Defendant.
_____/

*AMENDED*[1] **REPORT AND RECOMMENDATIONS ON**

<u>**COUNSEL'S CJA VOUCHER REQUEST FOR ATTORNEY'S FEES**</u>

On August 6, 2014, court-appointed defense counsel Terence Lenamon ("Counsel") submitted voucher application FLS 14 1725-02 with appended time sheets requesting $55,841.85 as payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel supplied detailed time entries and a spreadsheet listing expenses in support of the application.

On January 30, 2014, Counsel was appointed to represent Defendant Roger Bergman ("Bergman") pursuant to the CJA, 18 U.S.C. § 3006A. [ECF No. 12]. Following his appointment, Counsel submitted a proposed litigation budget for his representation of Bergman, estimating that the case would cost $265,720.00, with $137,720.00 of that for

---

[1]     The Undersigned is entering an amended Report in order to reference and address the first interim payment.

attorney's fees. [ECF No. 57]. On May 23, 2014, Counsel submitted his first interim request for CJA compensation in Voucher Application FLS 14 1725. Counsel sought payment of $31,867 in fees and costs. Counsel was approved for payment of $32,945.78, including $31,655 in attorney's fees, for work completed between January 31, 2014 and May 14, 2014.

Defendant's trial lasted six days, beginning July 21, 2014 and concluding on July 28, 2014. Counsel now seeks $55,841.85 in compensation for his representation of Bergman from May 21, 2014 through July 28, 2014. Of that, $55,104.00 is for attorney's fees. The requested amount exceeds the $9,800.00 statutory maximum for attorney's fees in non-capital felony cases at the trial level under the CJA. Guidelines, Vol. 7A, Chapter 2, § 230.23.20. United States District Judge Jose E. Martinez referred the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 187].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the voucher request be **approved** in accordance with the opinion below.

I.     CRIMINAL JUSTICE ACT GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA

plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the United States Judicial Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id.* The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(c). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

3

Additionally, the Guidelines recommend case budgeting for cases that require more than 300 attorney hours or $30,000 in attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.26.10. In such instances, "counsel should submit a proposed initial litigation budget for court approval, **subject to modification** in light of facts and developments that emerge as the case proceeds." Guidelines, Vol. 7A, Chapter 2, § 230.26.20 (emphasis added). The case budgeting provision for capital cases also states that "[c]ase budgets should be re-evaluated when justified by changed or unexpected circumstances, and should be modified by the court where good cause is shown." Guidelines, Vol. 7A, Chapter 6, § 640.20(f). While the Guidelines *implicitly* endorse the wisdom of modifying the budget due to changed circumstances, there is no **explicit** requirement for submitting modified case budgets.

## II.     BACKGROUND

### A.     Facts of the Case

Bergman was charged by Indictment with Conspiracy to Commit Health Care Fraud and Wire Fraud (Count 1) and Conspiracy to Make False Statements Relating to Health Care Matters (Count 2). [ECF No. 3]. The Indictment also charged two co-defendants as part of an eight year conspiracy to defraud the Medicare program of tens of millions of dollars. [*Id.* at 6]. Bergman was a physician's assistant at a community mental health center, where he was accused of accepting bribes and kickbacks to admit Medicare beneficiaries he knew did not qualify for partial hospitalization program

benefits. [*Id.* at 6-7]. Bergman was accused of falsifying patient records in order to make it appear as though patients needed, qualified for, and received treatments that they did not. [*Id.*].

### B.  Initial Budget Proposal

Following his appointment, Counsel submitted a proposed litigation budget, estimating the case would cost $265,720.00. [ECF No. 57, p. 8]. The budget proposal was based on Counsel's estimation that he would spend a total of 1252 hours on the case. [*Id.* at p. 5]. Counsel's initial budget proposal was broken down as follows: 50 hours consulting with Bergman at counsel's office and reviewing relevant material [*Id.* at p. 4]; 10 hours preparing Bergman to testify at trial [*Id.*]; 10 hours at motion hearing [*Id.* at p. 5]; 80 hours at trial [*Id.*]; 25 hours interviewing and conferencing with experts, investigators and witnesses [*Id.*]; 1000 hours obtaining and reviewing records [*Id.*]; and 75 hours legal research and writing [*Id.*].

At a rate of $110 per hour, Counsel estimated fees in the amount of $137,720.00 (1252 hours x $110) [*Id.*]. The remaining $128,000.00 included $15,000.00 for an Investigator, $45,500.00 for a Medicare Expert, $20,000.00 for a Psychiatrist, $7,500.00 for a Jury Consultant, $20,000.00 for a Paralegal, and $65,000.00 in copying costs. [*Id.* at pp. 7-8].

Counsel submitted the budget *ex parte* and under seal. [ECF No. 57]. The Motion was referred to magistrate Judge Barry Garber [ECF No. 79], who granted it in part,

finding that Counsel was authorized to bill 1,150 hours at $110 per hour for his associate attorney, Melissa Ortiz, while billing the remaining 102 hours at the current CJA rate ($126 per hour according to Guidelines, Vol. 7A, Chapter 2, § 230.16(a)), for a total amount that was not to exceed $137,720.00 [ECF No. 93. P. 1]. Counsel was approved for further expenses as follows: $15,000.00 for an Investigator, $18,000.00 for a Medicare Expert, $7,500.00 for a Psychiatrist, $4,500 for a handwriting expert, and $7,500.00 for a Jury Consultant. [*Id.* at pp. 1-2].

    C.    **First CJA Voucher Request**

On May 23, 2014, Counsel submitted his first interim payment voucher request. Counsel's voucher request sough total payment of $31,867.00 for 2 hours spent in court and 287.7 hours spent out of court. The Court's CJA administrator reviewed the voucher and adjusted the payment to $32,945.75, reflecting the inclusion of $1,062.75 in copying expenses and an adjustment to the pay rate for a portion of the in-court hours. Ultimately, this first CJA voucher received approval and Counsel was paid this adjusted amount.

    D.    **Second CJA Voucher Request**

After the completion of Bergman's trial, Counsel submitted this CJA voucher request. Counsel's voucher request is significantly less than the initially approved budget. Counsel seeks $55,841.85 for his representation, which, when added to his previous interim payment, is $48,932.40 less than the approved budget. Counsel's

6

voucher claimed 44.3 hours for time spent in court and 447.7 hours for time spent out of court, for a total of 492 hours. He also sought $737.85 in copying expenses.

### E. Voucher Amount – Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did not make any changes to the number of in-court hours, out-of-court hours, or expenses, verifying Counsel spent 44.3 hours in court for a total cost of $5,577.00, 447.7 hours out-of-court for a total cost of $49,527.00, and spent $737.85 in copying expenses. Thus, the final amount of the voucher after the CJA administrator's review remained $55,841.85.

### III. ANALYSIS

#### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, I must first find that this case was either complex or extended. After reviewing the record, there is no doubt that this case was complex. The nature of the case, number of defendants, volume of materials, length of the trial, and number of docket entries lead the Undersigned to conclude that the cost of fair representation exceeds the statutory maximum. In his Order granting in part the Authorization Submission of Proposed Fees, Magistrate Judge Garber already determined pre-trial that the case was of a nature that warranted fees that exceeded the

CJA cap, and while the fees requested came in under budget, there is nothing to suggest that the matter was not as complex as predicted.

### B. In-Court Hours

Counsel sought compensation for 44.3 in-court hours. The CJA administrator reviewed the request without making changes. Given the length of the trial, I find this amount to be reasonable. I recommend Counsel be paid the full $5,577.00 for his in-court hours.

### C. Out-of-Court Hours and Expenses

Counsel sought 447.7 hours for time spent out of court. The CJA administrator reviewed this amount without making any changes. Given the complex nature of this case, I have no doubt that Counsel spent the amount of time he requests working on this case. Accordingly, I find that all of Counsel's time entries are appropriate. Thus, in the absence of other factors, Counsel should receive $49,527.00 for 447.7 out-of-court hours.

Having reviewed Counsel's request for copying expenses, totaling $737.85, the Undersigned finds the request to be reasonable given the document-heavy nature of this case. Thus, Counsel should be compensated $737.85 for "Other Expenses."

## IV. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that counsel be paid $55,841.85 as fair and final compensation for his work on this case during the period covered by this voucher request.

## V. OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties shall have fourteen (14) days from receipt of this Report and Recommendations to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge. Any party may respond to another party's objections within (7) days after being served with the objection. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, November 3, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Hon. Jose E. Martinez