UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20052-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

RODOLFO SANTAYA,

    **Defendant.**

_____/

### *AMENDED*[1] REPORT AND RECOMMENDATIONS ON
### COUNSEL'S CJA VOUCHER REQUEST

On October 6, 2014, court-appointed defense counsel Emmanuel Perez ("Counsel") submitted voucher application FLS 14 1724 with appended time sheets requesting $22,600.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"), 18 U.S.C. § 3006A. Counsel supplied detailed time entries and a Motion to Exceed CJA Cap (the "Motion") in support of the application.

On January 30, 2014, Counsel was appointed to represent Defendant Rodolfo Santaya ("Santaya") pursuant to the CJA. [ECF No. 14]. Counsel did not submit a proposed budget for the representation, or request approval to exceed the $9,800.00 cap on representation in a felony case pursuant to the CJA.

---

[1]     This Report and Recommendations is amended to correct the typographical error in the conclusion on page 7, which originally listed the approved compensation as "$22,500.00" instead of the proper amount that the Undersigned noted on page 2: "$22,550.00."

Defendant's trial lasted six days, beginning July 21, 2014 and concluding on July 28, 2014. Counsel now seeks $22,600.00 in compensation for his representation of Santaya.[2] Of that, $15,849.40 is for attorney's fees.[3] The requested amount exceeds the $9,800.00 statutory maximum for attorney's fees in non-capital felony cases at the trial level under the CJA. *See* Guidelines, Vol. 7A, Chapter 2, § 230.23.20. On November 14, 2014, United States District Judge Jose E. Martinez referred the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 224].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the voucher request be **approved, as modified by the CJA Administrator for a total amount of $22,550.00**, in accordance with the opinion below.

I.    **CRIMINAL JUSTICE ACT GUIDELINES**

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA plan for the Southern District of Florida explicitly states that "[p]ayment of fees and

---

[2]    As discussed below, the CJA Administrator decreased this amount slightly, based on review of Counsel's time records.

[3]    As noted below, this amount was actually increased based upon review by the CJA Administrator.

expenses shall be made in accordance with the provisions of the United States Judicial Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id.* The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(c). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

Additionally, the Guidelines recommend case budgeting for cases that require more than 300 attorney hours or $30,000 in attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.26.10. In such instances, "counsel should submit a proposed initial litigation budget for court approval, **subject to modification** in light of facts and developments that emerge as the case proceeds." Guidelines, Vol. 7A, Chapter 2, § 230.26.20 (emphasis added). The case budgeting provision for capital cases also states that "[c]ase budgets should be re-evaluated when justified by changed or unexpected circumstances, and should be modified by the court where good cause is shown." Guidelines, Vol. 7A, Chapter 6, § 640.20(f). While the Guidelines *implicitly* endorse the wisdom of modifying the budget due to changed circumstances, there is no **explicit** requirement for submitting modified case budgets.

## II.   BACKGROUND

### A. Facts of the Case

Santaya was charged by indictment with Conspiracy to Commit Health Care Fraud and Wire Fraud (Count 1); Conspiracy to Pay and Receive Bribes and Kickbacks in Connection with a Federal Health Care Benefit Program (Count 3); and Receipt of Bribes and Kickbacks in Connection with a Federal Health Care Benefit Program (Counts 4 and 5). [ECF No. 3]. The Indictment also charged two co-defendants as part of an eight year conspiracy to defraud the Medicare program of tens of millions of dollars. [*Id.* at 6]. Santaya was a certified nurse's assistant at a community mental health center,

where he was accused of accepting bribes and kickbacks to refer Medicare beneficiaries he knew did not qualify for partial hospitalization program benefits. [*Id.* at pp. 6-7].

### B. Initial Budget Proposal

There was no initial budget proposal in this matter. Counsel was appointed for the purpose of representing Santaya in a felony matter at the trial court level, which, pursuant to the CJA Guidelines, would normally be subject to a $9,800.00 statutory maximum for attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.23.20. This amount is below the amount that would warrant an initial budget proposal under the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.26.10.

### C. CJA Voucher Request

Counsel submitted the instant CJA voucher request on October 6, 2014. Counsel sought $22,600.00 for his representation of Santaya from the outset of the case through trial. This includes 51.4 hours for time spent in court and 127.3 hours for time spent out-of-court. In addition, the request includes $50.00 in travel expenses and $285.00 in other expenses.

### D. Voucher Amount – Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did make some changes to Counsel's CJA voucher request, *decreasing* the number of hours spent in court by 1.5 hours, and *increasing* the number of hours spent out-of-court by 1.5 hours. These

changes had no impact on the overall amount of the request, however the CJA administrator did reduce the "other expenses" by $50.00, disapproving of Counsel paying a $50.00 "Subpoena Local Rush Fee" one month prior to trial. Thus, the final amount of the voucher after the CJA administrator's review was $22,500.00.

### III.  ANALYSIS

#### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, I must first find that this case was either complex or extended. After reviewing the record, there is no doubt that this case was complex. The nature of the case, number of defendants, volume of materials, length of the trial, and number of docket entries lead the Undersigned to conclude that the cost of fair representation exceeds the statutory maximum.

#### B. In-Court Hours

Counsel sought compensation for 51.4 in-court hours. The CJA administrator reviewed the request and decreased the number of hours by 1.5 to 49.9 hours. Given the length of the trial, I find this amount to be reasonable.  I recommend Counsel be paid the full $6,250.60 for 49.9 in-court hours.[4]

---

[4]  2.3 of the hours approved by the CJA administrator were billed between 9/1/2013 and 2/28/2014, for which the applicable hourly rate per the CJA Guidelines is $110/hour; 47.6 of the hours approved by the CJA administrator were billed after 3/1/2014, for which the applicable hourly rate per the CJA Guidelines is $126/hour.

### C. Out-of-Court Hours and Expenses

Counsel sought 127.3 hours for time spent out of court. The CJA administrator reviewed this request and increased the number of hours by 1.5 to 128.8 hours. Given the complex nature of this case, I have no doubt that Counsel spent the amount of time he requests working on this case. Accordingly, I find that all of Counsel's time entries are appropriate. Thus, in the absence of other factors, Counsel should receive $16,014.40 for 128.8 out-of-court hours.[5]

Counsel further requested $285.00 in other expenses, all of which were for service of subpoenas. The CJA administrator disapproved of one of these charges, reducing the other expenses by $50.00 to a total of $235.00. Having reviewed Counsel's request for other expenses and considering the CJA administrator's correction, the Undersigned finds the request to be reasonable. Thus, Counsel should be compensated $235.00 for "Other Expenses."

In addition, having reviewing Counsel's request for travel expenses, totaling $50.00, the Undersigned finds the request to be reasonable.

### IV. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that Counsel be paid **$22,550.00** as fair and final compensation for his work on this case.

---

[5]   13.4 of the hours approved by the CJA administrator were billed between 9/1/2013 and 2/28/2014, for which the applicable hourly rate per the CJA Guidelines is $110/hour; 115.4 of the hours approved by the CJA administrator were billed after 3/1/2014, for which the applicable hourly rate per the CJA Guidelines is $126/hour.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case. Each party may file a response to the other party's objection within 7 days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, January 21, 2015.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Hon. Jose E. Martinez